The **DREDGE CORPORATION,**
Appellant,

v.

**J. Russell PENNY,** State Supervisor,
**Bureau of Land Management,**
et al., Appellees.

No. 19964.

United States Court of Appeals
Ninth Circuit.

May 23, 1966.

Rehearing Denied Aug. 16, 1966.

See also 9 Cir., 338 F.2d 456.

George W. Nilsson, Los Angeles, Cal.,
Deaner, Butler & Adamson, Las Vegas,
Nev., for appellant.

Edwin L. Weisl, Jr., Asst. Atty. Gen.,
S. Billingsley Hill, Thos. L. McKevitt,
Attys., Dept. of Justice, Washington, D.
C., Robt. S. Linnell, Asst. U. S. Atty.,
Las Vegas, Nev., for appellees.

Before MADDEN, Judge of the Court
of Claims, and HAMLEY, and MER-
RILL, Circuit Judges.

MERRILL, Circuit Judge.

Proceeding under the Declaratory
Judgment Act, 28 U.S.C. § 2201 (1964),
appellant has brought suit to invalidate a
decision of the Secretary of the Interior
declaring void certain unpatented mining
claims of appellant located in Clark Coun-
ty, Nevada. Summary judgment was
rendered in favor of appellees.

Pursuant to the Small Tract Act, 52
Stat. 609, (1938), 43 U.S.C. § 682a
(1964), the Bureau of Land Management,
on November 21, 1951, and January 25,
1952, issued orders classifying all but
forty acres of the land in dispute as suita-
ble for small tract use. Subsequently at
various dates prior to July, 1952, all of
the classified area, with the exception of
two five-acre tracts, was leased to third
parties under the provisions of the Act.
The two five-acre tracts not so leased
were included in an oil and gas lease is-
sued by the Department.

The Act provides in part that "patents
for all tracts purchased under the pro-
visions of this Act shall contain a reserva-
tion to the United States of the oil, gas,
and other mineral deposits, together with
the right to prospect for, mine, and re-
move the same under such regulations as
the Secretary may prescribe." By Regu-

lation [1] the Secretary has provided that reserved minerals may be disposed of under the Mineral Leasing Act, 41 Stat. 437 (1920), 30 U.S.C. § 181 (1964), but that such reserved minerals otherwise are not subject to prospecting or disposition.

In July, 1952, appellant filed in the office of the County Recorder of Clark County, Nevada, sixteen sand and gravel claims upon the land in dispute, each of which covered a section of land or a total of 2560 acres. In 1955 the existence of these claims was brought to the attention of the Manager of the Land Office in Reno, Nevada, and thereupon, without notice or hearing, the Manager rendered sixteen decisions declaring the claims null and void, *ab initio*, upon the ground that classification for disposition under the Small Tract Act rendered the lands no longer open to location under the mining laws. Upon appeal the Bureau of Land Management affirmed the Manager's decision, and upon further appeal the Secretary of the Interior, by decision September 23, 1957, affirmed the decisions except with respect to the unclassified forty-acre tract. This suit followed. The District Court, by summary judgment, ruled that classification followed by leasing of the lands amounted to a withdrawal of the lands from mineral entry.

Before us appellant first attacks summary judgment as premature, asserting that factual issues remained to be resolved. We find no such issues.

■ Appellant next contends that the decisions of the Manager were invalid under the Administrative Procedure Act, 60 Stat. 239 (1946), 5 U.S.C. § 1004 (1964), since they were not upon notice or hearing. This contention was made by appellant in its appeal to the Secretary, and in a supplemental decision entered August 14, 1958, the Secretary pointed out that the only issues presented by appellant to that point in the proceedings had been issues of law as to which a hearing would serve no purpose. The decision concluded:

"Unless the petitioner can specify with more particularity than that of its present petition, the issue or issues on which it believes itself to be entitled to a hearing under the Administrative Procedure Act, this decision will stand * * *."

The record does not disclose any such specification. Nor does appellant before us spell out the issues which require hearing. Accordingly we do not find here any prejudicial disregard of the hearing requirements of the Administrative Procedure Act.

■ Appellant next contends that the Regulation precluding mineral entry (save under the leasing laws) is invalid as contrary to the provisions of the Small Tract Act. That Act, it is contended, contemplates regulations under which the mining and removal of deposits may be pursued rather than prohibited. The Regulation is assailed as "unconstitutional, illegal, arbitrary, capricious and an abuse of discretion." We cannot agree.

The Act does not provide that reserved minerals shall continue open to entry and location. Instead it leaves to the Secretary the question of how and to what extent they shall be made available. In our judgment the Regulation was a proper exercise of administrative discretion under the Act. In Superior Sand and Gravel Mining Company v. Territory of Alaska, 224 F.2d 623, 15 Alaska 640 (9th Cir. 1955), this court considered the question whether school lands reserved by Con-

---

1. 43 C.F.R. (1954 ed.) 257.15(a) read as follows in 1952:

"Any lease or patent issued under the act will reserve to the United States all deposits of coal, oil, gas, or other minerals, together with the right to prospect for, mine, and remove the same under such regulations as the Secretary may prescribe. Any minerals subject to the leasing laws in the lands patented or leased under the terms of the act may be disposed of to any qualified person under applicable laws and regulations in force at the time of such disposal. No provision is made at this time to prospect for, mine, or remove the other kinds of minerals that may be found in such lands; and until rules and regulations have been issued, such reserved deposits will not be subject to prospecting or disposition."

gress to Alaska were open to mineral entry where the Secretary had failed to exercise his authority to make the necessary rules and regulations to carry the Act into effect respecting disposition of mineral deposits. We held they were not, noting in part:

"[T]hese placer locations and their exploitation would be utterly incompatible with the uses to which the school land was currently being put."

Other assignments of error we find to be without substance.

Judgment affirmed.