**Robert K. FOSTER and Florence M. Foster, Plaintiffs,**

**v.**

**Jens C. JENSEN, Manager of the Riverside Land Office and District Director of the Bureau of Land Management, Charles L. Schaefer, Chief, Mineral Adjudication Unit, Riverside Land Office, Neal Nelson, State Director, Bureau of Land Management, each individually and in his official capacity, Marin Rock & Asphalt Co., Inc., a California corporation, Defendants.**

**Civ. No. 64–1110.**

United States District Court
C. D. California.

Sept. 13, 1966.

Milton Wichner, Hollywood, Cal., for plaintiffs.

Manuel L. Real, U. S. Atty., Ernestine Tolin, Asst. U. S. Atty., Los Angeles, Cal., for defendants Jens C. Jensen, Charles L. Schaefer and Neal Nelson of the Bureau of Land Management, Department of Interior.

Thelen, Marrin, Johnson & Bridges, by R. Dean Hartwick, Los Angeles, Cal., for defendant Marin Rock & Asphalt Co., Inc.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

Plaintiffs' Big Nugget 13 and Big Nugget 24 Placer Mining Claims having been declared null and void ab initio in administrative proceedings before the Department of the Interior on the ground that they were situated upon public land withdrawn from mineral entry; plaintiffs having brought an action for judicial review of said administrative proceedings under Title 5 U.S.C. Section 1001 et seq.; the court having ruled that plaintiffs were not entitled to a trial de novo on judicial review under 5 U.S.C. Section 1009, and having ordered the parties otherwise to prepare for hearing on judicial review pursuant to Local Rule 9, and having ordered each party to submit any and all relevant exhibits; and the matter having come on for hearing before the court, plaintiffs being represented by Milton Wichner, Esq., and the defendants being represented by Manuel L. Real, United States Attorney, Southern District of California, and Assistant United States Attorney Ernestine Tolin, the latter being present in court; and the court having accepted into evidence plaintiffs' Exhibits A, C and D, and defendants' Exhibits 1 through 13, excluding Exhibit 11, which said latter exhibits included the entire certified record of the administrative proceedings, and oral argument of counsel having been heard, and the court having considered all the pleadings, files, records, exhibits and evidence before it,

the court herewith makes its findings of fact and conclusions of law, as follows:

## FINDINGS OF FACT

Plaintiffs, Robert K. Foster and Florence M. Foster, are residents of the state, district and division of this court;

Certain public lands belonging to the United States of America, located in the County of Imperial, State of California, and more particularly described as the Southeast quarter (SE¼) of Section 13, Township 15 South, Range 20 East, S.B. B. & M., and the Northeast quarter (NE¼) of Section 24, Township 15 South, Range 20 East, S.B.B. & M., were withdrawn from public entry, location, settlement, or other disposition under the first form of reclamation withdrawal pursuant to Section 3 of the Act of June 17, 1902, 32 Stat. 388, on September 10, 1940; 43 U.S.C. § 416.

The Bureau of Land Management records establish that the aforesaid order of withdrawal was never abrogated, revoked, cancelled, or rescinded as to the real property and premises described as aforesaid;

On September 1, 1960, plaintiffs, and others, undertook to locate the Big Nugget 13 Placer Mining Claim in the Southeast quarter, Section 13, Township 15 South, Range 20 East, S.B. & M., and the Big Nugget 24 Placer Mining Claim in the Northeast quarter, Section 24, Township 15 South, Range 20 East, S.B. & M.

On June 28, 1962, the defendant Charles L. Schaefer, Chief Mineral Adjudication Unit, Bureau of Land Management, without prior notice or hearing declared that the purported locations of the Big Nugget No. 13 and Big Nugget No. 24 Placer Mining Claims were null and void ab initio on the ground that the lands embraced in these claims were undisputably withdrawn from public entry by first form reclamation withdrawal, and the records of the Bureau of Land Management, Department of the Interior, established that said lands had never been restored to mineral entry; that lands subject to a first form reclamation

withdrawal are not subject to mineral entry, and initiate no right in the locator.

Plaintiffs duly appealed from aforesaid decision to the Director of the Bureau of Land Management on the ground that the subject order of withdrawal had been revoked, that plaintiffs had been led by the local records in the office of the Bureau of Land Management into believing that the withdrawal had been revoked, that plaintiffs had been deprived of their property without due process of law, that plaintiffs were deprived of an opportunity to be heard, in violation of the Administrative Procedure Act. On said appeal plaintiffs submitted evidence and briefs in writing to support the foregoing contentions. John B. Piccolo, Chief, Branch of Mining and Grazing Appeals, Division of Appeals of the Department of the Interior, rendered his decision, based on the evidence offered and the records, on October 19, 1962, affirming the decision of Charles L. Schaefer.

Thereafter plaintiffs duly appealed to the Secretary of the Interior. On June 15, 1964, Ernest F. Hom, Assistant Solicitor of Land Appeals, pursuant to authority delegated to the Solicitor by the Secretary of the Interior (210 D.M. 2.A (4) (a), 24 F.R. 1348) affirmed the decisions of Charles L. Schaefer and John B. Piccolo.

The aforesaid decision of Ernest F. Hom shows that it was rendered having consideration for the issues raised and evidence submitted, as follows:

A. Decisions of June 28, 1962, and October 19, 1962, in administrative proceedings had declared subject mining claims null and void ab initio because located upon land included in a first form reclamation withdrawal; the matter came to the Assistant Solicitor on appeal from said prior two decisions;

B. The land had been withdrawn from mineral entry under a first form reclamation withdrawal on September 10, 1940, pursuant to statutory provisions; land subject to a first form withdrawal is not open to mineral entry;

mineral locations made upon such lands after withdrawal are null and void, and can convey no rights upon the locators (page 1, paragraph 2 of said decision, with supporting citations);

C. The Order of Revocation submitted by appellants as evidence of revocation of the withdrawal order was signed only by the Assistant Commissioner of Reclamation and was not legally effective to restore the withdrawn land, because it did not contain concurrence in and signature by the Director of the Bureau of Land Management as required; all authority of the Assistant Commissioner of Reclamation and the Director of the Bureau of Land Management with respect to withdrawn land was revoked on December 22, 1958; the record shows that the Director of the Bureau of Land Management did not give his concurrence to the revocation of the withdrawal prior to December 22, 1958; hence said withdrawal was not legally revoked; lands which have not been restored to mineral location by the Secretary of the Interior remain withdrawn lands and are, therefore, not open to location under the mining laws; this is the instant case (page 2, paragraphs 1, 2, 3, and 4, with supporting citations in the decision);

D. The appellants (plaintiffs herein) did not produce any evidence competent to establish that they were misled into believing the land had been restored to mineral entry by an employee of the Land Office. The statement of one John G. Jebsen, submitted by the appellants, does not: (1) identify Mr. Jebsen's connections with claimants regarding his visit to the Land Office; (2) identify the land about which he is said to have made inquiry on the date in question. Said written note submitted as evidence of Mr. Jebsen's statement upon which appellants claim to have been misled and upon which they relied for location of their mines is quoted verbatim and could not be construed as having misled the appellants as to the withdrawn status of the subject lands for the reason that said note indicates nothing more than that an application for restoration had been filed

(commencing last paragraph of page 2 and paragraphs 1, 2, and 3 of page 3 of said decision);

E. It is well established that one cannot either through misunderstanding or reliance on information or advice furnished by an employee of the Land Office obtain any right or interest in public lands which is not provided by law (page 3, end of paragraph 3 of said decision, with supporting citation);

F. The question of the withdrawn status of the subject land is an issue which can be determined only upon the basis of information contained in the records of the Bureau of Land Management. Since the records show the subject land withdrawn, it would be purposeless to hold a hearing on that issue. It has been repeatedly held that no hearing is necessary to declare mining claims void ab initio when the records of the Department show that at the time of location the land was withdrawn from mineral entry (page 3, paragraph 4, and supporting citations of said decision). On this basis, a request for a hearing was denied; and

G. The Bureau of Land Management did not violate the provisions of Section 3 of the Administrative Procedure Act, 60 Stat. 238 (1946), 5 U.S.C. Section 1002, in citing departmental decisions that have not been "published." Files of all decisions are maintained. Copies of departmental decisions relating to public lands are available for inspection in local Land Offices and distributed regularly to a subscription list. All decisions of the Department of Interior are published in the sense that they are available for public inspection. Unusual or novel points of law of cases of first impression appear in annual bound volumes of Interior Decisions, but all other decisions are also printed and available for public inspection and public distribution.

The defendants' Exhibits 1, 2 and 3, filed herein, are certified to be, and are, true and genuine original files and records of the administrative proceedings

before the Department of the Interior which culminated in the decision of June 15, 1964, in L.A. Case No. A–29857. In addition to defendants' Exhibits 1, 2 and 3, the court considered all exhibits introduced in this proceeding for judicial review by plaintiffs and by defendants, including Washington Land Office File No. 75901, being defendants' Exhibit 5 herein. Opportunity was herein afforded for submission of any and all additional material relevant to the administrative proceedings, and oral argument by counsel was entertained.

Based upon the preceding findings of fact, the court makes the following

## CONCLUSIONS OF LAW

The court proceeding herein is one for judicial review of the administrative proceedings, and the decisions therein rendered, pursuant to Section 10(e) of the Administrative Procedure Act, 5 U. S.C. Section 1001 et seq.

█ Plaintiffs are not entitled to a trial de novo on the facts. 5 U.S.C. Section 1009.

The administrative proceedings and the decisions therein rendered on June 28, 1962, October 19, 1962, and June 15, 1964, were adjudicatory proceedings lawfully within the jurisdiction, power, and authority of the United States Department of the Interior under the Administrative Procedure Act. 5 U.S.C. Section 1001 et seq.; 43 C.F.R. 185.86 and 43 C.F.R. Part 221 through 221.107.

█ All the files and exhibits introduced into evidence in this proceeding together comprise and constitute the entire administrative record, or the administrative record as a whole, and the scope of the court's judicial review includes all of the aforesaid and is limited to the same.

█ The June 28, 1962, decision of Charles L. Schaefer, Chief, Mineral Adjudication Unit, Bureau of Land Management, rendered without prior notice of hearing, declaring the subject mining claims void ab initio, was not in violation of the constitutional rights of plaintiffs, and was not in violation of the Administrative Procedure Act. No oral hearing was necessary to declare the mining claims in this case void ab initio, inasmuch as the records of the Bureau of Land Management established that the lands upon which the claims were purportedly located were withdrawn lands and not open to mineral entry. See Dredge Corp. v. Penney, 9th Circuit, 362 F.2d 889, decided May 23, 1966, by Circuit Judge Merrill, concurred in by Judges Madden and Hamley. See also LaRue v. Udall (1963), 116 U.S.App.D.C. 396, 324 F.2d 428, 432.

Plaintiffs were, furthermore, given an adequate opportunity to be heard on the issue of estoppel, and otherwise, by presentment in writing of all the evidence that plaintiffs desired to offer to the Bureau of Land Management at the first appeal stage and the second appeal stage. At both those stages counsel for the plaintiffs did actually present all of the issues and evidence that have been before the court, and these said issues and evidence were much more than adequately and fairly presented, and were fairly considered, pondered, and ruled upon by the Bureau of Land Management's officer, and by the Department of the Interior's officer in the Bureau of Land Management, in their decisions, as previously indicated, of Piccolo, October 19, 1962, and Hom, June 15, 1964.

There is substantial evidence in the administrative record as a whole to support the various administrative decisions, particularly the October 16, 1962, decision of John B. Piccolo and the June 15, 1964, decision of Ernest F. Hom.

The officers of the Bureau of Land Management and the Department of the Interior, particularly Charles L. Schaefer, Chief, Mineral Adjudication Unit, Bureau of Land Management, did exercise their discretion in a way that is not only not arbitrary, not capricious, not discriminatory, not unlawful, not illegal, and not a denial of right, but in a way that protected all the constitutional rights of notice and hearing to which plaintiffs were entitled under the facts

 

and law of this case. These said officers did not exceed their authority, did not invade any legal rights, and did not violate any law.

■ The findings and decisions of the Bureau of Land Management and the Department of the Interior are reasonably supported by substantial evidence, and by more than substantial evidence; the hearings offered opportunity for the presentation in writing of all issues, and all evidence was given in such a way and exercised and utilized by counsel for plaintiffs in such a way that all of the constitutional rights of plaintiffs were more than adequately protected.

The determination of the Department of the Interior that Big Nugget 13 Placer Mining Claim and Big Nugget 24 Placer Mining Claim were null and void ab initio are in accordance with law and are not arbitrary, capricious, unreasonable, discriminatory, or an abuse of discretion, and did not constitute a denial to plaintiffs of any of their rights.

The decision of the Secretary of the Interior declaring the aforesaid mining claims null and void ab initio is, therefore, valid, lawful, final, and binding in the case between the parties hereto. 5 U.S.C. Section 1009(b) and (e).

Based upon the foregoing findings of fact and conclusions of law, let judgment be entered herein.

## JUDGMENT

The court having made its findings of fact and conclusions of law herein,

Now, therefore, it is hereby ordered, adjudged and decreed:

The administrative proceedings and decisions therein declaring the Big Nugget 13 and Big Nugget 24 Placer Mining Claims null and void ab initio are supported by substantial evidence, are not arbitrary, capricious, discriminatory, unlawful, illegal, or a denial of plaintiffs' rights, and are hereby affirmed and upheld.

Plaintiffs' Amended Complaint for Injunction and Declaratory Relief, filed herein on February 19, 1965, is dismissed with prejudice.

Each party shall bear his, hers, its and their respective costs incurred herein.