371 F.2d 526
 SOUTHPORT LAND AND COMMERCIAL COMPANY, Appellant,
v.
Stewart UDALL, as Secretary of the Interior, Steve Kosanke
and Beverly Kosanke, Appellees.
SOUTHPORT LAND AND COMMERCIAL COMPANY, Appellant,
v.
KOSANKE SAND CORPORATION, Steve Kosanke Beverly Kosanke and
Dr. H.E. KOSANKE, Appellees.
 Nos. 20766, 20767.
 United States Court of Appeals Ninth Circuit.
 Jan. 26, 1967, Rehearing Denied March 3, 1967.
 
 Thomas M. Jenkins, Theodore W. Phillips, of Hanson, Bridgett, Marcus & Jenkins, San Francisco, Cal., for appellant.
 Edwin L. Weisl, Jr., Asst. Atty. Gen., Roger P. Marquis, Atty,, A. Donald Mileur, Atty., Dept. of Justice, Washington, D.C., Cecil F. Poole, U.S. Atty., J. Harold Weise, Asst. U.S Atty., San Francisco, Cal., for appellee, Stewart Udall, Sec. of Interior.
 John M. Naff, Jr., of Brobeck, Phleger & Harrisson, San Francisco, Cal,, for appellees, Kosanke Sand Corp. et al.
 Before BROWNING and DUNIWAY, Circuit Judges, and BOLDT, District judge.
 PER CURIAM:
 
 
 1
 On April 25, 1883, appellant's predecessor in interest filed 'Cash Coal Entry No. 13' under what is now 30 U.S.C. 71-77 (1964) upon certain lands in Contra Costa County, California. The entry was cancelled by the Commissioner of the General Land Office on May 7, 1883.
 
 
 2
 On March 20, 1963, appellant requested the Secretary of Interior to make and adjudication under 43 U.S.C. 1161-1164 (1964) that a patent should issue on Cash Coal Entry No. 13. This request was denied on January 15, 1964.
 
 
 3
 The request for an adjudication that a patent should issue was denied on the ground that the Secretary was precluded by section 37 of the Leasing Act of February 25, 1920, 30 U.S.C. 193 (1964), from disposing of mineral lands, including coal lands, other than by lease. The only exception applied 'to valid claims existent at date of the passage of this act and thereafter maintained in compliance with the laws under which initiated.' See Work v. Braffet, 276 U.S. 560, 564, 48 S.Ct. 363, 364, 72 L.Ed. 700 (1928). Cash Coal Entry No. 13 did not fall within the exception (1) because it had been cancelled on May 7, 1883, and therefore had not been 'existent at date of the passage' of the Leasing Act of 1920; and (2) because notice had not been filed or the lands paid for as required by 30 U.S.C. 74 (1964), and therefore Cash Coal Entry No. 13 had not been 'maintained in compliance with the laws under which initiated.'
 
 
 4
 Appellant has not challenged the soundness of the Secretary's decision, but contends that the Secretary was required to hold a hearing before reaching that decision. The decision rests entirely upon the resolution of questions of law, the facts not being in dispute. We are satisfied that the decision was correct, and that in the circumstances of this case a hearing was unnecessary, or its omission was harmless. Dredge Corp. v. Penny, 362 F.2d 889, 890 (9th Cir. 1966).
 
 
 5
 Affirmed.